UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL ALICEA,

Plaintiff,

v. Case No.:

ZURICH AMERICAN INSURANCE COMPANY, a foreign profit corporation,

Defendant.
_______________________________________/

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendant Zurich American Insurance Company (hereinafter "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida, identified as *Daniel Alicea v. Zurich American Insurance Company*, Case No. 2019-CA-7364-O, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

Pursuant to 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

The Complaint in the above action was filed in the Circuit Court for the Ninth Judicial Circuit on or about June 14, 2019, and served pursuant to Florida Statute Chapter 624 Section 624.423 by the Florida Department of Financial Services on Defendant on July 9, 2019. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

**I. Diversity of Citizenship**

Plaintiff is a resident of Orange County, Florida. See Ex. A, ¶2 of Plaintiff's Complaint.

Plaintiff is therefore a citizen of the State of Florida for purposes of this Court's diversity jurisdiction. Defendant Zurich American Insurance Company is incorporated in the state of New York and its principal place of business is in the state of Illinois. See Ex. B, ¶2 of Nicole Golliday's Declaration. Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Defendant is not a citizen of the State of Florida.

Therefore, at all relevant times herein, Plaintiff was a resident and citizen of the State of Florida, and Defendant was a citizen of a state other than Florida. At the time of the filing of this action, and as of the date of this removal, there is complete diversity of citizenship between the parties.

**II. Amount in Controversy**

The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.[1] In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010)(quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*, 608 F.3d at 752, 754. Further, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he *could* do so. See *Wineberger v. Racetrac Petroleum,*

[1] See *Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla. July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

*Inc.*, 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015)(citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

In his suit, Plaintiff alleges that Defendant violated the Orange County Civil Rights Ordinance, Section 22-28 ("OCCRO") when it denied him a requested accommodation and terminated him based on its belief that Plaintiff had presented a fraudulent prescription to obtain the requested accommodation. See generally Ex. A. Although Plaintiff's Complaint does not plead a specific dollar amount of damages sought, Plaintiff alleges that he is entitled to back pay and benefits, front pay, punitive damages, compensatory damages for emotional pain and suffering, and his attorney's fees and litigation expenses. See Ex. A, ¶¶41-45 of Plaintiff's Complaint. Plaintiff claims that the actions of Defendant caused him to suffer "lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." See Ex. A, ¶36 of Plaintiff's Complaint.

The OCCRO allows recovery for "actual damages, including back pay, punitive damages, an award of reasonable attorney's fees, interest, and costs, or other such relief as the court deems appropriate." Orange Co., Fla., Code § 22-4 (2010). The term "actual damages" is not specifically

defined in the OCCRO and there are no cases interpreting this term under the ordinance. Plaintiff is undoubtedly claiming that the OCCRO uses a broad definition of actual damages, such as "actual damages are compensatory damages, and include (1) pecuniary loss, direct or indirect, or special damages; (2) damages for physical pain and inconvenience; (3) damages for mental suffering; and (4) damages for injury to reputation.... Actual damages are synonymous with 'compensatory damages' and with 'general damages'." *Miami Herald v. Brown*, 66 So. 2d 679 (Fla. 1953). While Defendant is not conceding that actual damages include these various categories of damages, it is possible that Plaintiff will be entitled to such damages if he is able to prevail on his claim. Plaintiff's total potential damages under all of these categories exceeds the jurisdictional limit.

Although Defendant denies Plaintiff is entitled to any relief whatsoever, Plaintiff's potential economic damages for his termination are $93,912. Plaintiff earned approximately $1,021 per week. Attached hereto as Exhibit B is the declaration of Nicole Golliday setting forth Plaintiff's wages while employed by Defendant. Plaintiff's employment with Defendant ended on December 27, 2018, thus potentially entitling Plaintiff to 30 weeks of back pay to today's date, for a total of $30,630. Additionally, Plaintiff is seeking damages for front pay and it is reasonable for the Court to calculate front pay for a one year period, totaling $53,095. See *Wineberger*, 2015 WL 225760, at *3 (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D. Fla. Sept. 10, 2014)(finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy).

In addition to damages for wages, Plaintiff is also seeking damages for lost benefits. While employed by Defendant, Plaintiff received benefits in the form of health insurance. See Ex. B, ¶3 of Golliday's Declaration. The value of the health insurance was $509.35 per month. See id. For

the eight months since Plaintiff's termination, the total value of the health insurance is $4,074.80. See id. For the one year period of front pay, the total value of the future health insurance is $6,112.20. See id.

Plaintiff is also seeking damages for emotional distress. Under the law, the Court is permitted to consider the potential award of compensatory damages based on similar awards in similar cases in order to determine whether the amount in controversy exceeds $75,000. In *Cowan v. Genesco, Inc.*, 2014 WL 3417656 (M.D. Fla. July 14, 2014), for example, the Court determined that the amount in controversy exceeded the jurisdictional amount was "further supported by the amount of [compensatory] damages awarded in similar FCRA cases, as well as Plaintiffs' failure to stipulate otherwise." *Id.* at *4. While there are no cases on point under the OCCRO, Plaintiff is essentially alleging disability discrimination in employment, which is similar to claims brought under the Florida Civil Rights Act (FCRA) and the Americans With Disabilities Act (ADA). Therefore, it is appropriate to look at awards for damages related to emotional distress under the FCRA and ADA. Compensatory damages for emotional distress as permitted under the FCRA have been awarded in amounts equal to and greatly exceeding the jurisdictional amount necessary to establish diversity jurisdiction. See *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000) (affirming $150,000 compensatory damages award); *Bernstein v. Sephora,* 182 F.Supp.2d 1214 (S.D. Fla. 2002) (granting $75,000 compensatory damages award); *Archer v. Aaron Rents, Inc.*, 2001 WL 1047650 (N.D. Fla. May 23, 2001) (awarding $500,000 in compensatory damages in FCRA case); and *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding $457,000 jury award of compensatory damages).

Even though Plaintiff has not identified the specific facts supporting this category of damages, he has alleged emotional pain and suffering, humiliation, mental anguish and loss of

enjoyment of life. "[A] plaintiff can establish entitlement to emotional pain and suffering damages this his own trial testimony." *Myers v. Cent. Fla. Invs., Inc.*, 2008 WL 4710898, at *12 (M.D. Fla. Oct. 23, 2008). "Medical testimony in corroboration of emotional distress is not required." *Id.*

It is reasonable for this Court to deduce that Plaintiff's damages for emotional pain and suffering could amount to $30,000. First, there is no limit on the amount of compensatory damages under the OCCRO. See Orange Co., Fla., Code § 22-4 (2010). Second, awards of compensatory damages for intangible emotional distress frequently equal or exceed $75,000, even when there is scant evidence supporting the claim. For example, in *Bernstein*, 182 F.Supp.2d 1214, 1228 (S.D. Fla. 2002), the court remitted a jury award for emotional pain and mental anguish to $75,000 when the testimony supporting the entitlement to such damages was based mostly on the plaintiff's own "conclusory testimony about her general distress." Even if Plaintiff in this case has no damages other than "garden variety" mental anguish damages, awards for such damages "hover in the range of $5,000 to $30,000." *Hollywood v. Hogan*, 986 So.2d 634, 649 (Fla. 4th DCA 2008). Accordingly, this Court can reasonably conclude based on judicial experience and prior cases in Florida that Plaintiff's allegation that he suffered "emotional pain and suffering, humiliation, inconvenience, mental anguish, [and] loss of enjoyment of life" could support an award of $30,000.

Plaintiff is also seeking punitive damages of an unspecified amount, which must be considered by the Court in determining whether the amount in controversy is met. See *Saadi v. Maroun*, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009). Punitive damages are available under the OCCRO with no stated cap. See Orange Co., Fla., Code § 22-4 (2010). Although Defendant specifically denies that Plaintiff is entitled to punitive damages, this Court could reasonably conclude based on judicial experience and prior case law in Florida that Plaintiff could be awarded

punitive damages in the amount of $30,000. Such a conclusion is supported by awards for punitive damages in FCRA cases. See *Speedway SuperAmerica LLC v. Dupont*, 933 So.2d 75, 91 (Fla. 5th DCA 2006)(upholding punitive damages award of $40,000 under FCRA); *Axel v. Fields Motorcars of Fla., Inc.*, 2017 WL 4324799, *5 (M.D. Fla. 2017)(denying motion to remit jury verdict for punitive damages below the statutory limit of $100,000).

Based on the allegations in Plaintiff's Complaint, the nature of his claims and awards issued in other discrimination cases, Defendant has shown that the value of Plaintiff's claims more likely than not exceeds the jurisdictional amount. Specifically, Plaintiff's potential damages are summarized as follows:

| | |
|---|---|
| Back Pay based on termination | $30,630.00 |
| Lost benefits through today | $4,074.80 |
| Front Pay based on termination | $53.095.00 |
| Front pay benefits | $6,112.20 |
| Emotional distress | $30,000.00 |
| Punitive damages | $30,000.00 |
| **Total damages** | **$153,912.00** |

Based on the totality of the circumstances, reasonable estimates and common sense, the amount Plaintiff has placed in controversy exceeds $75,000.

Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332, and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon counsel for Plaintiff, Carlos V. Leach, The Leach Law Firm, 1950 Lee Rd., Ste. 213, Winter Park, FL 32789.

Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court for the

Ninth Judicial Circuit, Orange County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for the Ninth Judicial Circuit, Orange County, Florida be removed to the United States District Court for the Middle District of Florida.

Respectfully submitted on this 29th day of July, 2019.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Secondary Email: tampa@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
(813) 223-7166 / Fax: (813) 223-2515
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July, 2019, I filed a true copy of the foregoing document with the clerk of court using the CM/ECF System, which will send a notice of electronic filing to the following:

Carlos V. Leach, Esq.
Louis Montone, Esq.
THE LEACH FIRM, P.A.
1950 Lee Rd., Ste. 213
Winter Park, FL 32789
cleach@theleachfirm.com
lmontone@theleachfirm.com

/s/Angelique Groza Lyons
Attorney