*19-000178876*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

DANIEL ALICEA

PLAINTIFF(S)

VS.

ZURICH AMERICAN INSURANCE COMPANY, A FOREIGN PROFIT CORPORATION

DEFENDANT(S) /

SUMMONS, COMPLAINT

**CASE #:** 2019-CA-7364-O
**COURT:** CIRCUIT COURT
**COUNTY:** ORANGE
**DFS-SOP #:** 19-000178876

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on Friday, July 5, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, July 9, 2019 to the designated agent for the named entity as shown below.

ZURICH AMERICAN INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

***Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

LOUIS MONTONE
1950 LEE ROAD, SUITE 213
WINTER PARK, FL 32789

CF1

**Exhibit "A"**

Filing # 91126229 E-Filed 06/14/2019 01:59:18 PM

RECEIVED IN SERVICE OF PROCESS SECTION
2019 JUL -5 AM 8:28
BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**
**CIVIL DIVISION**

**DANIEL ALICEA,**

**Plaintiff,**

**vs.** **CASE NO.:** 2019-CA-7364-O

**ZURICH AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation,**

**Defendant.**

______________________________/

Served: ________
Date: 7 5 19 Time: 305
Server: ________
Certified/Special Process Server # ____

ERIC LARSON #063
Certified Process Server
2nd Judicial Circuit

**SUMMONS**

THE STATE OF FLORIDA

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

ZURICH AMERICAN INSURANCE COMPANY
c/o Registered Agent- CHIEF FINANCIAL OFFICER
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

Each Defendant is hereby required to serve written defenses to said Complaint on CARLOS V. LEACH, ESQ., The Leach Firm, P.A., 1950 Lee Road, Suite 213, Winter Park, Florida 32789, Telephone: (407) 574-4999, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before or service on the Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES:**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, ORANGE COUNTY COURTHOUSE, 425 N.

RECEIVED AS STATUTORY REGISTERED AGENT on 05 July, 2019 and served on defendant or named party on 09 July, 2019 by the Florida Department of Financial Services

ORANGE AVENUE, ROOM 2130, ORLANDO, FLORIDA, (407) 836-2303, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on the __________day of ______________, 20___ .

**Tiffany Moore Russell**
Clerk of the Circuit Court

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

By: s/ Dolores Wilkinson, Deputy Clerk
2019.06.20 13:32:55 -04'00'
As Deputy Clerk

CLERK CIRCUIT COURT • ORANGE COUNTY • FLORIDA

Filing # 91126229 E-Filed 06/14/2019 01:59:18 PM

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**
**CIVIL DIVISION**

**DANIEL ALICEA,**

**Plaintiff,**

**vs.** **CASE NO.:**

**ZURICH AMERICAN INSURANCE COMPANY, a Foreign Profit Corporation,**

**Defendant.**

_______________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DANIEL ALICEA ("Plaintiff"), by and through his attorney, and sues the Defendant ZURICH AMERICAN INSURANCE COMPANY, (hereinafter referred as "Zurich" or "Defendant"), a Foreign Profit Corporation doing business in the State of Florida and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. This is a cause of action for damages in excess of Fifteen Thousand ($15,000) dollars for violations of Orange County Civil Rights Ordinance, Section 22-28 ("OCCRO"), prohibiting discrimination based on disability.

2. Plaintiff is a resident of Orange County, Florida.

3. Defendant is and was at the time of all incidents described herein, operating in Orange County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

## STATEMENT OF FACTS

4. Plaintiff was hired by Defendant on or about June 4, 2014.

5. Plaintiff's most recent job title was "Underwriter."

6. Plaintiff suffers from a sciatic nerve condition in his back.

7. Plaintiff's medical condition is severe and permanent.

8. Plaintiff's medical condition substantially limits daily life activities such as physically walking, bending, standing for periods of time, and sleeping, among others.

9. On or about March 29, 2017, Plaintiff requested an accommodation from Defendant in relation to the nerve condition in his back.

10. The accommodation requested by Plaintiff was a standing chair.

11. Plaintiff had a doctor's prescription for the standing chair.

12. Defendant accommodated Plaintiff with a standing chair that allowed him to perform his job duties.

13. In December 2018, Plaintiff made a second accommodation request.

14. Plaintiff's second accommodation request was also in relation to the nerve condition in his back.

15. Plaintiff's second accommodation request was for an ergonomic chair for use during work.

16. Plaintiff's supervisor, William Schaub, asked Plaintiff for a doctor's prescription regarding the ergonomic chair.

17. Mr. Schaub indicated to Plaintiff that human resources required the doctor's prescription for the ergonomic chair.

18. In mid-December 2018, Plaintiff provided the doctor's prescription to Defendant.

19. The prescriptions for both accommodation requests were written by the same medical doctor.

20. On or about December 27, 2018, Plaintiff was called into a meeting with Supervisor, Brian Henry, Mr. Schaub, and human resources representative, Tiffany (the surname is unknown at this time).

21. During the meeting on December 27, 2018, Defendant terminated Plaintiff.

22. Defendant claimed that Plaintiff's termination was because the prescription provided to it was fraudulent.

23. Both prescriptions Plaintiff used for his accommodations were written by the same medical doctor.

**COUNT I**
**FAILURE TO ACCOMMODATE IN VIOLATION OF OCCRO 22-28**

24. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-23 as though fully set forth herein.

25. Plaintiff is disabled by way of the nerve condition in his back.

26. Plaintiff was qualified to perform his job duties.

27. Plaintiff could perform the essential functions of his job with an accommodation.

28. Defendant discriminated against Plaintiff because of his disability by way of its failure to provide reasonable accommodation.

29. The accommodations requested were sought for the purpose of alleviating the workplace effect of the impairment.

30. The accommodations requested by Plaintiff were reasonable.

31. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his impairment.

32. Plaintiff suffered an adverse employment action when Defendant terminated him.

33. The discrimination to which Plaintiff was subjected was based on his disability.

34. Defendant does not have a legitimate, non-discriminatory reason for its failure to accommodate Plaintiff.

35. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

36. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

37. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

38. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

39. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, DANIEL ALICEA, demands judgment against the Company and requests this Court award damages including:

40. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

41. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay for lost earnings and benefits;

42. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

43. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

44. Award Plaintiff compensatory damages for emotional pain and suffering;

45. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

46. Provide any additional relief that this Court deems just.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF OCCRO 22-28

47. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-23 as though fully set forth herein.

48. Plaintiff is disabled by way of the nerve condition in his back.

49. Plaintiff was qualified to perform his job duties.

50. Plaintiff could perform the essential functions of his job with an accommodation.

51. Defendant discriminated against Plaintiff because of his disability by way of its failure to provide reasonable accommodation.

52. Defendant discriminated against Plaintiff because of his disability when it terminated him for requesting an accommodation.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his impairment.

54. Plaintiff suffered an adverse employment action when Defendant terminated him.

55. The discrimination to which Plaintiff was subjected was based on his disability.

56. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

57. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

59. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

60. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, DANIEL ALICEA, demands judgment against the Company and requests this Court award damages including:

61. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

62. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay for lost earnings and benefits;

63. Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

64. Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

65. Award Plaintiff compensatory damages for emotional pain and suffering;

66. Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

67. Provide any additional relief that this Court deems just.

**JURY DEMAND**

The Plaintiff requests that upon trial of this action all issues be submitted to and determined by a jury.

Dated this 14th day of June, 2019.

Respectfully submitted,

**THE LEACH FIRM, P.A.**

*/s/ Louis Montone*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Direct: (321) 441-4103
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
***Attorneys for Plaintiff***